UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Barbara Joan High, as Personal Representative of the Estate of Mary Kate Golightly Wingo, <br><br>          Plaintiff, <br>v. <br><br>Bruce E. Moss, Tammy F. Moss, Ally Moss, and Luci Ratliff, <br><br>          Defendants. | C/A No.: 7:14-cv-03597-GRA <br><br>**ORDER** <br>(Written Opinion) |

This matter comes before the Court on the Motion to Dismiss filed by Defendants Tammy F. Moss and Ally Moss. ECF No. 27. For the reasons set forth below, this Motion is GRANTED IN PART and DENIED IN PART.

## **BACKGROUND**

On March 3, 2011, Plaintiff, as personal representative of the estate of Mary Kate Golightly Wingo, filed a civil action against Bruce Moss in the Court of Common Pleas for Spartanburg County ("the initial suit"), which would eventually result in a judgment against Bruce Moss in the amount of $264,827.10. ECF No. 19 at 2. After the initial suit was filed, on June 4, 2012, Bruce Moss and Tammy Moss entered into a Marital Settlement Agreement, in which Bruce Moss agreed to transfer six real properties to Tammy Moss by quitclaim deed. ECF No. 27-1 at 5-11. On August 1, 2012, a divorce decree was entered in a Circuit Court in Florida. *Id.* at 1-4. Roughly a month before trial of the initial suit, Bruce Moss signed the deeds and conveyed his interests in the six properties to Tammy Moss and Ally Moss. ECF No. 19 at 2-6. He also conveyed two other properties to

Defendant Luci Ratliff and former Defendant Bill Reavis. *Id.* at 6-7. As alleged, all of the conveyances were made with minimal or inadequate consideration and with actual or constructive intent to defraud, hinder, or delay Plaintiff. *Id.* at 7-8. The deeds to Tammy and Ally Moss were signed on May 29, 2013, and recorded on May 31, 2013. *Id.* at 5-6. Tammy Moss had notice of the initial suit against her then-husband Bruce Moss during the divorce proceeding and at the time of the conveyances. *Id.* at 5. Likewise, Ally Moss had notice of the initial suit against her father at the time of the conveyances. *Id.* at 6. The initial suit went to trial on June 26, 2013. *Id.* at 2. Judgment in the amount of $264,827.10 was entered against Bruce Moss on October 1, 2013.

Plaintiff, as the personal representative of the estate of Wingo, filed the present action in the Court of Common Pleas of Spartanburg County on June 24, 2014, asserting claims for fraudulent conveyance and civil conspiracy. ECF No. 1-1. The case was removed to this Court on September 9, 2014. ECF No. 1. On October 1, 2014, Plaintiff filed an Amended Complaint. ECF No. 19. On October 28, 2014, Defendants Tammy and Ally Moss filed the presently pending Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Procedure 12(b)(6). ECF No. 27. Plaintiff filed a response in opposition. ECF No. 30. This matter is now ready for ruling.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In making this determination, the district court must assume that all well-pled facts are true and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). However, the court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). A complaint need not assert "detailed factual allegations;" however, it must contain "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly,* 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, the court may consider the complaint and documents attached to the complaint. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed. R. Civ. P. 10(c)). Further, the court may consider material outside the complaint if such material is "integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted). In addition, the court may consider facts properly subject to judicial notice. *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

## DISCUSSION

### I. Fraudulent Conveyance

Defendants Tammy and Ally Moss contend that Plaintiff failed to allege her fraudulent conveyance claims with sufficient particularity, as required by Federal Rule of Civil Procedure 9(b).[1]  ECF No. 27 at 7-9.  Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "In order to adequately plead a fraudulent-conveyance claim, a complaint must plead 'the who, what, where, when, and how' of the challenged transactions."  *United States v. Bame*, 778 F. Supp. 2d 988, 992 (D. Minn. 2011) (quoting *SEC v. Brown,* 643 F. Supp. 2d 1077, 1081 (D. Minn. 2009)).  Generally, the plaintiff is required to plead the dates, participants, and nature of the transactions in question, as well as several indicia of fraud.  *Id.*

Here, Plaintiff has alleged that the conveyances were made with actual or constructive intent to defraud creditors.[2]  As to the particulars of the challenged transactions, Plaintiff has alleged that Defendant Bruce Moss conveyed six properties to Defendants Tammy and Ally Moss.  Plaintiff has alleged the specific dates on which the deeds were signed and recorded, and each property is described in detail in the Amended Complaint.  *See* ECF No. 19 at 2-6.  Further, Plaintiff has alleged several circumstances giving rise to an inference of fraudulent intent.  In particular, Plaintiff has alleged that (1) the conveyances were made for minimal or inadequate consideration, (2) Defendants

---

[1] Although the applicability of Rule 9(b) to constructive fraudulent conveyance claims has divided other courts, *see In re Air Cargo, Inc.*, 401 B.R. 178, 192 & n.7 (Bankr. D. Md. 2008), the parties have not disputed its applicability here and the Court need not address the issue.

[2] Fraudulent intent, by Rule 9(b)'s own terms, must be pleaded only "generally."

Bruce, Tammy, and Ally Moss were all aware of the initial suit pending suit against Bruce Moss at the time of the conveyances, (3) the divorce proceedings were initiated after Plaintiff filed the initial suit against Bruce Moss, and (4) the conveyances were executed just a month before trial of the initial suit.

These allegations are sufficiently particular under Rule 9(b). *See Cendant Corp. v. Shelton*, 474 F. Supp. 2d 377, 381 (D. Conn. 2007) (denying motion to dismiss fraudulent conveyance claims where plaintiff alleged the date and parties to the transaction and other factual allegations giving rise to an inference of fraudulent intent, including the nature of the debt being avoided and the husband-wife relationship between the transferor and transferee); *Nat'l Mortgage Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 505 (D. Md. 2002) (denying motion to dismiss fraudulent conveyance claims where complaint described the transactions at issue, identified the participants in those transactions, alleged that the transfers were without fair consideration, and indicated that the transferor was rendered unable to pay); *In re Gold*, 192 B.R. 605, 610 (Bankr. E.D.N.Y. 1996) (determining that plaintiff complied with Rule 9(b) where the complaint specifically alleged the parties of the conveyances, the assets conveyed, the terms of the conveyances, and that, at the time of the conveyances, there were lawsuits pending against the transferor which resulted in unsatisfied judgments).

Contrary to the allegations set forth in the Amended Complaint, Defendants Tammy and Ally Moss argue that Bruce Moss received adequate consideration in exchange for the property conveyances at issue. ECF No. 27 at 5, 8 n.2. Specifically, they argue that Tammy received the six properties in the divorce proceeding in exchange for "her forfeiture of alimony and other legal rights." *Id.* at 5. In addition, Tammy and Ally argue that Bruce Moss's transfer of a property interest to Ally was simply a mistake. *Id.* at 5-6.

The value of the six properties at issue and the value of the Tammy's potential alimony and other unspecified rights cannot be determined on the face of the pleadings. Likewise, upon review of the pleadings, the Court cannot discern whether the conveyance to Ally was a mistake. "[T]hese assertions are, at best, affirmative defenses. A Rule 12(b)(6) motion does not invite resolution of contested facts or examination of potential defenses." *Trikeriotis*, 201 F. Supp. 2d at 504 (citing *E. Shore Markets, Inc. v. J.D. Assocs.,* 213 F.3d 175, 185 (4th Cir. 2000); *see also In re Gold*, 192 B.R. at 611 (concluding that the value of the property given and received during an allegedly fraudulent conveyance presented significant factual disputes which could not be resolved by a motion seeking dismissal under Rule 9(b) or summary judgment under Rule 56). At this stage in the proceeding, the Court assumes that all well-pled facts are true and draws reasonable inferences in favor of Plaintiff. *Nemet Chevrolet, Ltd.*, 591 F.3d at 253. Thus, for the purpose of this motion, the Court must assume that Bruce Moss received minimal or inadequate consideration in exchange for the six properties, as alleged in the Amended Complaint.

Defendants Tammy and Ally Moss also suggest that the conveyances are legitimate because they were made pursuant to a divorce decree and marital settlement agreement. ECF No. 27 at 5-6, 8-9. However, they provide no legal authority indicating that the divorce decree insulates the conveyances from attack,[3] and the idea of fraudulently conveying assets in a divorce proceeding under the circumstances alleged is not implausible.

---

[3] Contrary to Defendants' argument, the law actually reflects that conveyances to family members receive heightened scrutiny. *See Coleman v. Daniel*, 261 S.C. 198, 208 (1973) ("Where transfers to members of the family are attacked either upon the ground of actual fraud or on account of their voluntary character, the law imposes the burden on the transferee to establish both a valuable consideration and the bona fides of the transaction by clear and convincing testimony.").

In summary, Plaintiff has stated her fraudulent conveyance claims with sufficient particularity, and Defendants' arguments otherwise are squarely rejected. Accordingly, the motion to dismiss will be denied with respect to the fraudulent conveyance claims.

## II. Civil Conspiracy

Defendants Tammy and Ally Moss also assert that Plaintiff has failed to allege sufficient facts to state a claim for civil conspiracy. ECF No. 27 at 9-11. On this issue, the Court agrees. To state a claim for civil conspiracy in South Carolina, "the plaintiff must show (1) a combination of two or more persons; (2) for the purposes of injuring the plaintiff; (3) causing the plaintiff special damages." *Robinson v. Metts*, 86 F. Supp. 2d 557, 563 (D.S.C. 1997) (citing *Vaught v. Waites,* 300 S.C. 201 (S.C. App. 1989)), *aff'd,* 188 F.3d 503 (4th Cir. 1999). "In addition, a claim for civil conspiracy must allege additional facts in furtherance of a conspiracy rather than reallege other claims." *Id.* (citing *Todd v. S.C. Farm Bureau Mutual Ins. Co.,* 276 S.C. 284 (1981)); *accord Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 115-16 (Ct. App. 2009) ("In a civil conspiracy claim, one must plead additional acts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim.").

Here, Plaintiff has merely incorporated by reference the fraudulent conveyance allegations and added a brief, conclusory allegation that Defendants were engaged in a conspiracy. *See* ECF No. 19 ¶¶ 20-21. Where "[n]o additional acts in furtherance of the conspiracy are plead," and "[t]he only alleged wrongful acts plead are those for which damages have already been sought," Plaintiff's claims for civil conspiracy fail. *Todd,* 276 S.C. at 293. Accordingly, Plaintiff's claims for civil conspiracy will be dismissed.

## **CONCLUSION**

For the reasons stated, the Motion to Dismiss the Amended Complaint, ECF No. 27, is GRANTED IN PART and DENIED IN PART. Plaintiff's civil conspiracy claims are hereby DISMISSED. The case will proceed on Plaintiff's fraudulent conveyance claims.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

April  23 , 2015
Anderson, South Carolina